SMITH PATTEN
SPENCER F. SMITH, ESQ. (SBN: 236587)
DOW W. PATTEN, ESQ. (SBN: 135931)
353 Sacramento St., Suite 1120
San Francisco, California 94111
Telephone (415) 402-0084
Facsimile (415) 520-0104

Attorneys for Plaintiff
RYAN RIVERA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN RIVERA, an individual. <br><br> Plaintiff, <br><br> v. <br><br> FEDEX CORPORATION, a Delaware Corporation, d.b.a. FedEx Express, ROBIN VAN GALDER, an individual; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 4:12-cv-01098 PJH <br><br> **DECLARATION OF PLAINTIFF RYAN RIVERA IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** <br><br> Date: October 30, 2013 <br> Time: 9:00 am <br> Location: Courtroom 3, 3rd Floor <br> Oakland Courthouse, 1301 Clay Street, <br> Oakland, CA 94612 |

I, RYAN RIVERA, declare as follows:

1. I am a Plaintiff in this matter and have personal knowledge of the facts set forth herein. If called as a witness, I would testify competently thereto.

1

2. I became employed by Defendant, Federal Express Corporation, on November 30, 1999, as a material handler at FedEx's Oakland Airport facility. In 2001, Plaintiff became a Ramp Transport Driver ("RTD").

3. In July 2002, I began to suffer from RSD syndrome in my thigh and knee.

4. In June 2009, I injured my knee outside of work. This injury required Plaintiff to undergo surgery in October of 2009. On November 30, 2009, Plaintiff's treating physician, Dr. Charlene Niizawa, requested workplace accommodations for Plaintiff's injured knee. Dr. Niizawa restrictions included no driving a vehicle with a manual transmission., no lifting more than 10 pounds, and no climbing.

5. On January 18, 2010, I contacted FedEx HCMP Manager, Kathy Cline, and informed her I would be returning to work with the restrictions articulated in my doctor's November 2009 note. During the call Kathy Cline advised me that FedEx would not provide me with any accommodations and that if I did not provide a doctor's note which released me to full duty I would lose my position with the company. In order to save my job, I obtained updated medical documentation which released me to work with no restrictions.

6. When I returned for work on January 20, 2010, I was informed that I would have to rebid for my position as the facility I was working at was eliminating RTD positions.

7. After the rebid, I was informed that I would no longer be doing driver duties, but would be responsible for material handler duties and backing up other drivers when necessary.

8. On January 26, 2010, I contacted Cline and indicated that while my doctor released me to full duty my knee was only 30% heeled and I would need reasonable accommodations.

9. Cline informed me that if I brought in an updated note FedEx would not accommodate me. Cline also informed me that I would have to go on leave, I would lose my job and I would need to reapply for a position with the company.

10. Beginning in February 2010, I availed myself to the internal grievance procedures relating to my change in duties and change in shift. I filed an internal grievance on February 3, 2010 and February, 12, 2010.

11. On February 12, 2010, I formally requested a reasonable accommodation authorizing my physicians to release medical information related to my request for accommodation.

12. Rather than obtain my medical records Defendant informed me that it would not consider an accommodation unless I obtained medical documentation from my treating physician that indicates I had restrictions and limitations.

13. I subsequently informed FedEx that my doctor stated she was not able to provide an accommodation request and my doctor informed me that the information provided was sufficient to make an accommodation request.

14. Cline responded that the last note she had from my doctor indicated full duty with no restrictions, therefore the accommodation request would be based on my doctor indicating I had no physical restrictions.

15. On March 17, 2010, I was informed that the investigation into my internal EEO/GFTP complaint of February 12, 2010, was complete and that none of my allegations could be sustained.

16. On March 29, 2010, with no further response from Defendant regarding my reasonable accommodation, I again requested an accommodation

17. On March 29, 2010, I filed a third internal EEO/GFTP complaint regarding my change in duties and shifts assignment.

18. On March 31, 2010, I received a letter from Managing Director at OAK RSO, Robin Van Galder, informing me that he was in receipt of my GFTP complaint but that it was based upon incorrect information. Van Galder threatened me that misuse of the Internal Complaint Process is a conduct issue which can result in discipline, up to and including termination.

19. I was also informed by Van Galder and HR Advisor, Tamra Green, that my grievance was premature and could not be filed until I obtained a permanent position. Based upon these threats, I was in fear that if I made any further complaints or requests for accommodation I would be at risk of discipline or termination.

20. On October 11, 2011, I obtained notification of my permanent position and immediately grieved this new position through the internal EEO/GFTP process on October 24, 2011.

21. On October 27, 2011, I received a letter from Van Galder, informing me that he had read my GFTP Complaint and my fourth complaint, like the first and third complaint, would not be heard.

22. On December 5, 2011 and December 7, 2011, I received my right-to-sue notices from the California Department of Fair Employment and Housing and the Equal Employment Opportunity Commission. Attached hereto as Exhibit "A" are true and correct copies of these right-to-sue notices.

23. As a result of my knee injury sustained in June 2009, I have had complications sleeping, walking, and standing for long periods of time. These physical impairments have resulted

in undue stress and mental anguish. I still suffer from this physical impairment to this day.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: October 9, 2013        /s/ Ryan Rivera

# Exhibit "A"

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                          EDMUND G. BROWN, JR., Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                     Phyllis W. Cheng, Director
1515 CLAY STREET, SUITE 701, OAKLAND, CA 94612
(510) 622-2941
www.dfeh.ca.gov


December 05, 2011

RYAN, RIVERA
343 SOLANO AVE
HAYWARD, CA 94541-3641

RE: E201112M5616-00
　　　RYAN/FEDEX

Dear RYAN, RIVERA:

# NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective December 05,2011 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*[signature]*

Selena Wong
District Administrator

cc:   Case File

GREEN TAMRA
HUMAN RESOURCES MANAGER
INTERNAL
1 SALLY RIDE WAY
OAKLAND, CA 94621

DFEH-200-43 (06/06)

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To: Ryan L. Rivera<br>343 Solano Ave<br>Hayward, CA 94541 | From: San Francisco District Office<br>350 The Embarcadero<br>Suite 500<br>San Francisco, CA 94105 |

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 550-2012-00316 | Malcolm K. Loungway,<br>Investigator | (415) 625-5629 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

_____ 12/07/2011
Michael Baldonado,            (Date Mailed)
District Director

cc: FEDEX EXPRESS
Director of Human Resources
1 Sally Ride Way
Oakland, CA 94621

Spencer F. Smith, Esq.
LAW OFFICES OF SPENCER F. SMITH
353 Sacramento St, Suite 1120
San Francisco, CA 94111

Enclosure with EEOC
Form 161-B (11/09)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*